UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

---

In re

JEFFREY T. OBER, 06-00704 B

Debtor DECISION & ORDER

---

Zdarsky, Sawicki & Agostinelli LLP
Mark J. Schlant, Esq., of counsel
404 Cathedral Place
298 Main Street
Buffalo, New York 14202
Attorneys for the Chapter 7 Trustee

Peter D. Grubea Attorneys at Law
Wendy J. Christophersen, Esq., of counsel
482 Delaware Avenue
Buffalo, New York 14202
Attorneys for the Debtor

Bucki, U.S.B.J.

Pursuant to 11 U.S.C. §521(i), the Chapter 7 trustee has moved to dismiss this case for failure to file copies of all of the payment advices that the debtor received during the sixty days prior to the commencement of his bankruptcy proceeding. Under the special circumstances of this previously converted matter, principles of res judicata compel a denial of the trustee's motion.

Jeffrey T. Ober filed a petition for relief under Chapter 13 of the Bankruptcy Code on April 3, 2006. After a confirmation hearing held upon due notice to all creditors, this court confirmed a plan by order dated October 24, 2006. Then in March of 2007 and again on notice to all creditors, the court approved a plan modification. Although the modification reduced the debtor's weekly contributions by almost 30 percent, Mr. Ober was unable to make the promised payments. Consequently, on the debtor's own motion, this case was

converted from Chapter 13 to Chapter 7 on November 21, 2007. With his motion to convert, the debtor also filed a statement indicating that he had incurred no additional debts during the pendency of the Chapter 13 proceeding.

Section 521 of the Bankruptcy Code defines the duties of a debtor. As amended for cases commenced on and after October 17, 2005, subdivision (a)(1)(B)(iv) of this section provides that unless the court orders otherwise, the debtor shall file "copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition, by the debtor from any employer of the debtor." Further, subject to limitations not here relevant, section 521(i)(1) penalizes the failure to file payment advices, as follows:

> [I]f an individual debtor in a voluntary case under chapter 7 or 13 fails to file all of the information required under subsection (a)(1) within 45 days after the date of the filing of the petition, the case shall be automatically dismissed effective on the 46th day after the date of the filing of the petition.

In the present instance, the debtor filed payment advices for a sixty day period that ended on March 2, 2006. Because Mr. Ober commenced his bankruptcy on April 3, however, the submission failed to include payment advices for the second half of the sixty days immediately preceding the bankruptcy filing. Despite this gap, neither the Chapter 13 trustee nor any creditor ever filed a motion pursuant to 11 U.S.C. §521(i)(2) to request the entry of an order dismissing this case. Then on January 18, 2008, almost two years after Ober filed his bankruptcy petition, the newly appointed trustee in Chapter 7 filed the present motion to dismiss the case for failure to submit all of the required payment advices.

Without dispute, Jeffrey Ober failed to file all of the payment advices as required by 11 U.S.C. §521. Nonetheless, the debtor argues that due to the passage of time and events, the case should not be dismissed. The court accepts this conclusion, but for the reasons set forth hereafter.

On two occasions during the pendency of this proceeding, the clerk of this court entered an order confirming a Chapter 13 plan. Each plan was presented to the court at a hearing on notice to all creditors and with the support of the Chapter 13 trustee. Further, all creditors and parties in interest received notice of entry of the confirmation orders, and no notice of appeal was ever filed with respect to these orders within ten days of their entry. Consequently, each became a final order of this court.

In a decision rendered earlier this month, the Supreme Court observed that "[t]he preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" *Taylor v. Sturgell*, 553 U.S. ___, 2008 WL 2368748, at *9 (June 12, 2008). This concept was succinctly summarized by the Court in *Allen v. McCurry*, 449 U.S. 90, 94 (1980), as follows: "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were *or could have* been raised in that action" (emphasis added).

In the present instance, the orders confirming the debtor's plan became final orders of this court. At the time of the court's consideration of the proposed plans, interested parties could have raised the issue of whether the case had been dismissed automatically by reason of 11 U.S.C. §521(i). No one raised that issue, and by reason of this inaction, the court proceeded to enter the confirmation orders that have now become final. Hence, with respect to all parties

in privity with the Chapter 13 trustee and the creditors of this case, res judicata precludes any further application of section 521(i). Here, the motion to dismiss is made not by the Chapter 13 trustee or by any creditor, but by the newly appointed trustee in Chapter 7. Therefore, the issue becomes whether res judicata extends to the prerogatives of this moving party.

As a general rule, res judicata applies only to those issues that a party has had "a full and fair opportunity to litigate." *Montana v. United States*, 440 U.S. 147, 153 (1979). For this reason, claim and issue preclusion will not extend to entities which were not a party to the prior proceeding. But as noted by the Supreme Court in *Taylor v. Sturgell*, 553 U.S. ___, 2008 WL 2368748, at *10, "the rule against nonparty preclusion is subject to exceptions." In particular, the Court identified six such exceptions, two of which have direct application in the present instance. For its third exception, the Supreme Court observed that "'in certain limited circumstances,' a nonparty may be bound by a judgment because she was 'adequately represented by someone with the same interests who [wa]s a party' to the suit. Representative suits with preclusive effect on nonparties include . . . suits brought by trustees, guardians, and other fiduciaries." 553 U.S. at ___, 2008 W.L. 2368748, at *10 (citations omitted). Further, the Supreme Court noted a sixth exception, for circumstances where "a special statutory scheme may 'expressly foreclos[e] successive litigation by nonlitigants . . . if the scheme is otherwise consistent with due process.' Examples of such schemes include bankruptcy and probate proceedings . . . ." 553 U.S. at ____, 2008 W.L. 2368748, at *11 (citations omitted).

Both in Chapter 13 and in Chapter 7, the trustee serves in a representative capacity on behalf of all creditors and parties in interest. Here,

with respect to the enforcement of the automatic dismissal provisions of section 521(i), the current trustee in Chapter 7 represents the same interests on whose behalf the Chapter 13 trustee was previously obliged to act.[1] Because the earlier trustee could have asserted that the case had been automatically dismissed prior to confirmation of the Chapter 13 plan, the final confirmation order operates now to preclude the Chapter 7 trustee from asserting a dismissal under section 521(i). *See Sea-Land Services v. Gaudet*, 414 U.S. 573, 593-94 (1974).

Pursuant to 11 U.S.C. §1327(a), the provisions of a confirmed plan in Chapter 13 will "bind the debtor and each creditor." For this reason also, creditors are bound by the determinations that are necessary for plan confirmation. Implicitly, every confirmation order assumes the existence of an outstanding bankruptcy case. Having heard no challenge to that assumption, the court granted an order of confirmation in the instant matter. Thus, the non-dismissal of this case became binding upon creditors, and upon the subsequent Chapter 7 trustee acting on behalf of those same creditors. *Cf. Martin v. Wilks*, 490 U.S. 755, 762, n. 2 (1989).

Principles of res judicata operate to preclude the litigation of issues that could have been raised in the context of an earlier final order of the court. In the present instance, neither creditors nor the Chapter 13 trustee objected to plan confirmation on the basis that the bankruptcy case had been automatically dismissed for failure to file payment advices. Thus, the order of confirmation

[1]As to most issues, the interests of the Chapter 7 trustee of a converted case will coincide with the interests of the prior trustee in Chapter 13. *See, eg, In re Alderman*, 195 B.R. 106 (B.A.P. 9th Cir. 1996)(trustees shared an identity of interest with respect to valuation of homestead). Similarly, no distinction exists with regard to a proper concern of every trustee for appropriate but reasonable compliance with the requirements of 11 U.S.C. §521. In certain contexts, however, the interests of a trustee in Chapter 13 may diverge from those of a subsequent trustee in Chapter 7. *See, e.g., In re Perkins*, 36 B.R. 618 (Bankr. Tenn., 1983) (distinguishing between interests of different trustees on requests for stay relief).

precludes any further attempt by creditors to assert the prior dismissal of this case. For the reasons stated herein, this preclusion extends to the new trustee in Chapter 7. Accordingly, his motion to dismiss is denied.

So ordered.

Dated: Buffalo, New York
June 27, 2008

/s/ CARL L. BUCKI
Chief U.S.B.J., W.D.N.Y.